UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASMAR FORTNEY,<br><br>    Plaintiff,<br><br>  v.<br><br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, et. al.<br><br>    Defendants. | Civil Action No. 14-3371 (MCA)<br><br>OPINION AND ORDER |

**CLARK, United States Magistrate Judge**

  **THIS MATTER** comes before the Court by way of motion of Plaintiff Asmar Fortney ("Plaintiff" or "Fortney") for Leave to Amend his Complaint to add new facts, join three defendants, add a new claim, and join a new Plaintiff. (Dkt. No. 24). Defendants Rutgers, The State University of New Jersey ("University"), Chief Carmelo Huertas and Captain Michael Rein (collectively "Defendants") oppose the motion. (Dkt. No. 30). The Court has considered Plaintiff's Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, for good cause shown, and for the reasons set forth herein, Plaintiff's Motion to Amend is **GRANTED in part** and **DENIED in part.**

  **I.  BACKGROUND**

  Prior to the termination of his employment on or about April 3, 2014, Plaintiff was employed by the University as a police officer assigned to the Newark Division of the Rutgers University Police Department. (Dkt. No. 1, Original Complaint, Ex. A., ¶¶ 1, 41). Plaintiff alleges that Defendants terminated his employment as a Rutgers University police officer for various departmental violations without affording him an opportunity to review the evidence against him

1

and without a hearing where Plaintiff would confront and cross-examine his accuser(s). (*Id.*, at ¶ 39).

On May 19, 2014, Plaintiff filed the original Complaint in the New Jersey Superior Court, Law Division, Essex County. (Dkt. No. 1, Ex. A). The action was removed to this Court on May 28, 2014. (Dkt. No. 1). Plaintiff alleges Defendants violated the Fourteenth Amendment, the Federal Civil Rights Act, 42 U.S.C. § 1983, as well as the New Jersey Constitution, the New Jersey Civil Rights Act, N.J.S.A. §§ 10:6-1, -2, the New Jersey Conscientious Employee Protection Act, N.J.S.A §§ 34:19-1, -14, the New Jersey Attorney General Guidelines on Internal Affairs, and common law. (*Id.*, at Ex. A).

On January 10, 2015, Plaintiff filed a motion for leave to amend his complaint seeking to (1) add new factual allegations to his federal constitutional claims; (2) join three new defendants—the University's Executive Director of Police Services Kenneth Cop ("Chief Cop"); the University's former Vice President for Administration & Public Safety James Kohl ("Vice President Kohl"); and Chief Michael Lattimore ("Chief Lattimore"), the former Chief of Newark Division of the Rutgers University Police Department; (3) join former University police officer Edward Ruff ("Ruff") as a party plaintiff, and assert various claims on his behalf; and (4) add a sixth count alleging racial discrimination under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et. seq.* based on information adduced during discovery. Defendants filed an opposition to this motion on February 17, 2015. (Dkt. No. 30). Plaintiff did not file a reply.

## II. DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The

court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A general presumption exists in favor of allowing a party to amend its pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court may deny a motion to amend the pleadings only where there is: (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. *Foman*, 371 U.S. at 182; *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").

Plaintiff contends that there has been no undue delay, that Defendants will not be prejudiced by the amendment, and that the amendments are not futile. Defendants, on the other hand, contend that Plaintiff's motion for leave to amend should be denied because the proposed amendments are futile.

An amendment to a complaint is considered futile if it would not survive a motion to dismiss under Rule 12(b)(6). *Johnson v. Samuels*, No. 06-2233, 2007 WL 1575076, at .*3 (D.N.J. May 30, 2007); *County of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). In determining the futility of an amendment, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co.*, 380 F. Supp. 2d 457, 462 (D.N.J. 2005) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997)); *Marjam Supply Co. v. Firestone Bldg.*

*Prods. Co., LLC*, No. 11-7119 (WJM), 2014 U.S. Dist. LEXIS 46572, *9-10 (D.N.J. Apr. 4, 2014) ("The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6)."). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (establishing that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *Harrison Beverage Co. v. Dribeck Importers*, 133 F.R.D. 463, 468 (D.N.J. 1990) ("Futility of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). A two-part analysis determines whether this standard is met. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009*)* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009)).

First, a court separates the factual and legal elements of a claim. *Fowler*, 578 F.3d at 210. All well-pleaded facts set forth in the pleading, and the contents of the documents incorporated therein, must be accepted as true, but the Court may disregard legal conclusions. *See Iqbal*, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement").

Second, as stated above, a court determines whether a plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Fowler*, 578 F.3d at 211. As the Supreme Court instructed in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. The plausibility standard is not

a "probability requirement," but the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678-79 (citations and internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A court conducting a futility analysis may consider a limited record. Specifically, a court may consider only the proposed pleading, exhibits attached to that pleading, matters of public record, and undisputedly authentic documents, provided the claims are based on those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *accord W. Penn Allegheny Health Sys. v. UPMC,* 627 F.3d 85, 97 n.6 (3d Cir. Pa. 2010) (reiterating the rule and its limited exception for documents that are "integral or explicitly relied upon in the complaint"). The Court now turns to each amendment Plaintiff seeks to add to the Complaint.

### A.  Amendment To Add Factual Allegations

Plaintiff seeks to add new factual allegations to the Complaint to more thoroughly frame the alleged facts relevant to Plaintiff's federal constitutional claim before the Court. Plaintiff explained that when the original Complaint was drafted it was anticipated the claims would be adjudicated in state court. Defendants have not raised any objections to these amendments. The Court does not find any problem with these factual allegations. Accordingly, Plaintiff's request to amend the Complaint to add these factual allegations is **GRANTED.**

### B.  Amendment To Join Three Defendants

Plaintiff seeks to join Chief Cop, Vice President Kohl and Chief Lattimore as Defendants with respect to the five original counts of the Complaint and as to a proposed Sixth Count, purporting to allege racial discrimination under the NJLAD.

As to Chief Cop, paragraph 12 of the proposed Amended Complaint alleges that Chief Cop: "was at all times relevant to this complaint, employed by Rutgers as Executive Director Police Services/Chief of Police.  He is being sued individually and in his official capacity."  (Dkt. No. 24-1, at ¶ 12).  Chief Cop is not mentioned by name or job title in the Facts Pertaining to All Counts section or in the Additional Facts Pertaining to All Facts section.  (*Id.*, at ¶¶ 15-62, 63-70).  Chief Cop is not mentioned again until paragraph 105 of the Sixth Count, which contains nothing more than a legal conclusion that Chief Cop and others "aided and abetted some or all of the other Defendants in their violation of the NJLAD."  (*Id.* at ¶ 105).  Finally, Chief Cop is mentioned in paragraph 107 that generally alleges he "participated in the relevant unlawful conduct" without providing any specific detail.  (*Id.* at ¶ 107).

As to Vice President Kohl, paragraph 13 of the proposed Amended Complaint alleges that Vice President Kohl "was, at all times relevant to this complaint, employed by Rutgers as Vice President for Administration and Public Safety. As Vice President Kohl had supervisory responsibility over all RUPD police chiefs for, among other things, developing, overseeing and enforcing RUPD policies and procedures. He is being sued individually and in his official capacity." (Dkt. No. 24-1, at ¶ 13).  Similar to Chief Cop, Vice President Kohl is not mentioned by name or job title in the Facts Pertaining to All Counts section or in the Additional Facts Pertaining to All Facts section.  (*Id.*, at ¶¶ 15-62, 63-70).  Vice President Kohl is not mentioned again until paragraph 105 of the Sixth Count, which contains nothing more than a legal conclusion that Chief Cop and others "aided and abetted some or all of the other Defendants in their violation of the NJLAD."  (*Id.*, at ¶ 105).  Finally, Vice President Kohl is mentioned in paragraph 107 that generally alleges he "participated in the relevant unlawful conduct" without providing any specific detail. (*Id.*, at ¶ 107).

As to Chief Lattimore, paragraph 14 of the proposed Amended Complaint alleges that Chief Lattimore "was, at all times relevant to this complaint, employed by Rutgers as Chief of Campus Police with, from September 2005-February 2014, management and supervisory responsibilities over the officers assigned to RUPD Newark and, from February 2014-May 2014, management and supervisory responsibilities over the officers assigned to RUPD New Brunswick. He is being sued individually and in his official capacity." (Dkt. No. 24-1, at ¶ 14). Similar to Chief Cop and Vice President Kohl, Chief Lattimore is not mentioned by name or job title in the Facts Pertaining to All Counts section or in the Additional Facts Pertaining to All Facts section. (*Id.*, at ¶¶ 15-62, 63-70). Chief Lattimore is not mentioned again until paragraph 105 of the Sixth Count, which contains nothing more than a legal conclusion that Chief Cop and others "aided and abetted some or all of the other Defendants in their violation of the NJLAD." (*Id.*, at ¶ 105). Finally, Chief Lattimore is mentioned in paragraph 107 that generally alleges he "participated in the relevant unlawful conduct" without providing any specific detail. (*Id.*, at ¶ 107).

The Court finds that Plaintiff's proposed Amended Complaint does little more than simply identify these three Defendants. The proposed Amended Complaint fails to identify any specific facts regarding these Defendants' behavior that could give rise to a cause of action. *See Anderson v. Mercer County Sheriff's Dep't*, No. 11-07620, 2013 U.S. Dist. LEXIS 27536, at *20-21 (D.N.J. Feb. 28, 2013) (citing *Twombly* 550 U.S. at 557) (Plaintiff must plead more than "naked assertion[s] devoid of further factual enhancement" to avoid dismissal). Even construing these allegations liberally, the Court finds that the Amended Complaint fails to plausibly allege conduct by any of these individuals that is sufficient to state a claim under any of the theories in the original Complaint or in the proposed Sixth Count. The proposed Amended Complaint with respect to these three proposed Defendants contains nothing more than labels and conclusions that are

insufficient to state a claim.  Accordingly, Plaintiff's motion for leave to amend to add Chief Cop, former Vice President Kohl, and former Chief Lattimore is **DENIED**.

### C. Amendment To Join Edward Ruff As Plaintiff

Plaintiff seeks to join Edward Ruff ("Ruff") as a Plaintiff to this action.  Plaintiff alleges that Ruff was employed by the University as a sworn police officer assigned to the New Brunswick Division of RUPD.  (Dkt. No. 24-1, Proposed Amended Complaint, at ¶ 6).  Plaintiff claims Ruff was similarly deprived of his due process rights by Defendants when charged and suspended for alleged departmental violations.  (*Id.*, at ¶ 66).

Federal Rule of Civil Procedure 20(a)(1) ("Rule 20") sets forth two necessary conditions that must be satisfied for multiple plaintiffs to be joined in one action: first, the claims asserted must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and second, there must be a "question of law or fact common to all plaintiffs[.]"  FED. R. CIV. P. 20(a)(1)(A)-(B); *Tredo v. Ocwen Loan Servicing*, No. 14-3013, 2014 U.S. Dist. LEXIS 145731, at *6 (D.N.J. Oct. 10, 2014).  "The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." *Tredo*, 2014 U.S. Dist. LEXIS 145731, at *6.  "However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and parties in one lawsuit." *Id.*

Defendants contend that the incident which gave rise to the discipline imposed upon Ruff and the incident resulting in the termination of Fortney's employment are completely unrelated. Defendants claim that Plaintiff does not, and cannot, plead facts that establish the requisite element of "same transaction, occurrence, or series of transactions or occurrences."

Upon examination of the proposed Amended Complaint, it appears that there are no facts common to Fortney's termination of employment and Ruff's discipline.  The Complaint sets forth

8

that the incident underlying Fortney's termination occurred on December 7, 2013 at University Square and involved an incident where a young girl was ejected from the dorms. (Dkt. No. 1, at ¶¶ 9-38). The proposed Amended Complaint sets forth that the incident underlying Ruff's suspension without pay occurred on May 30, 2013 and involved comments Ruff made to a Rutgers' employee regarding an injured bird. (Dkt. No. 24-1, at ¶ 63). Moreover, it appears that Ruff is already prosecuting his own action. On September 14, 2014, Ruff filed his own appeal of the State of New Jersey Public Employment Relations Commission ("PERC") decision in the Appellate Division of the New Jersey Supreme Court. (*Id.*, at ¶ 70). Plaintiff fails to allege a sufficient connection between the two incidents. The Court finds that jointly litigating these claims is not in the interest of convenience or judicial economy. The resolution of this case will likely involve a different set of witness testimony and proof for each case. Thus, it is apparent from the Complaint that the claims do not arise out of the same series of transactions or occurrences. Accordingly, because the Court finds that Plaintiff does not satisfy Rule 20's joinder requirements, Plaintiff's motion to amend the Complaint to add Ruff as a Plaintiff is **DENIED**.

### D. Add A Sixth Count Under NJLAD

Plaintiff also seeks to add a Sixth Count for racial discrimination under the NJLAD. Defendants contend that this count contains nothing more than bald assertions and legal conclusions and would therefore be futile. Defendants explain that the proposed Amended Complaint baldly asserts that Fortney was treated "disparately and disfavorably," that "[s]imilarly situated RUPD officers not of African-American descent were treated more favorably in the disciplinary process," and that Fortney's treatment was "part of an ongoing pattern of discrimination perpetrated by Defendants against African American officers of the RUPD." (Dkt. No. 24-1, at ¶¶ 101, 102, 104). Defendants contend that these conclusory allegations fail to allege

a single fact that could plausibly suggest discriminatory animus by Defendants. This Court agrees and finds that it would be futile to permit this amendment.

Defendants also claim that the proposed Amended Complaint is devoid of any facts that plausibly state a claim of aiding and abetting sufficient to impose individual liability on any of the named individual Defendants, or proposed new Defendants. The NJLAD forbids individuals from engaging in actions that "aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." N.J.S.A. 10:5-12. "In order to hold an employee individually liable as an aider or abettor, a plaintiff must show that (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation." *Sussman v. Capital One, N.A.*, No. 14-1945, 2014 U.S. Dist. LEXIS 151866, at *17 (D.N.J. Oct. 24, 2014) (internal citation omitted) (holding allegations that a Defendant simply had knowledge of a disability was not enough to create aiding and abetting liability).

Plaintiff has failed to plead a single fact that could show that the individual defendants and proposed Defendants performed any wrongful act, or knew of their role in any alleged unlawful activity. Accordingly, the Court finds that the Sixth Count would be futile and **DENIES** Plaintiff's request to add this Count.

### III. CONCLUSION

For the foregoing reasons, having considered the parties' written submissions, this Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Amend. (Dkt. No. 24). Plaintiff shall file an Amended Complaint within **seven (7) days** of this Order that is consistent

with the Court's Opinion.  The Clerk of Court is directed to terminate the aforementioned motion.

(Dkt. No. 24).

**Dated**:  April 24, 2015

                                                s/James B. Clark, III
                                                **HONORABLE JAMES B. CLARK, III**
                                                **UNITED STATES MAGISTRATE JUDGE**