UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASMAR FORTNEY,<br><br>  Plaintiff,<br>v.<br><br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, RUTGERS UNIVERSITY POLICE DEPARTMENT, CHIEF CARMELO V. HUERTAS, *individually and in his official capacity*, and CAPTAIN MICHAEL REIN, *individually and in his official capacity*,<br><br>  Defendants. | Civ. No. 14-cv-03371 (MCA) (LDW)<br><br>**MEMORANDUM OPINION GRANTING MOTION TO AMEND & REPORT AND RECOMMENDATION OF REMAND** |

Before the Court is the motion of plaintiff Asmar Fortney to amend his Complaint to dismiss the sole federal cause of action asserted by him and then to remand this action back to the Superior Court, Essex County, Law Division, from which it was removed to this Court. (ECF Nos. 71, 74). Defendants oppose the motion. (ECF No. 73). Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, plaintiff's motion to amend is **GRANTED**. It is further respectfully recommended that plaintiff's further request to remand be **GRANTED**.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 72, the undersigned issues an Opinion as to plaintiff's motion to amend, which is not dispositive of this action, and a Report and Recommendation as to plaintiff's further request to remand, which is considered dispositive of this action. *See* Fed. R. Civ. P. 72.

## BACKGROUND

Plaintiff was employed by defendant Rutgers, The State University of New Jersey ("Rutgers"), as a police officer in the Newark Division of defendant Rutgers University Police Department from February 2010 to April 2014. (Amended Complaint, ECF No. 33 at ECF p. 2, 12). Rutgers terminated plaintiff's employment after an incident in which he had a dispute with a supervisor over whether a non-Rutgers student attending a party at the Newark campus should have been ejected from the dormitories in the early morning hours after the party was disbanded. (*See id.* at ECF p. 6-8). Plaintiff claims that he was illegally terminated for objecting to the woman's ejection and other Residence Life Staff practices. (*See id.* at ECF p. 9).

Plaintiff initially filed his Complaint in the Superior Court, Essex County, Law Division in May 2014. He asserted a number of state law causes of action, including for alleged violations of the New Jersey Civil Rights Act, the New Jersey Constitution, New Jersey's Attorney General Guidelines, the New Jersey Conscientious Employee Protection Act and New Jersey common law and statutes. The only federal cause of action asserted was for violation of plaintiff's due process rights as a public employee under the Fourteenth Amendment to the United States Constitution. (*See* Complaint, ECF No. 1 at 11).

Defendants removed the action to this Court in May 2014 pursuant to 28 U.S.C. § 1331, alleging federal subject matter jurisdiction based upon plaintiff's inclusion of a Fourteenth Amendment violation in his Complaint. (*See* Notice of Removal, ECF No. 1 at 3). There is no diversity of citizenship between plaintiff and defendants, so diversity jurisdiction under 28 U.S.C. § 1332 was not invoked as a further basis for the Court's jurisdiction.

In August 2014, the Court held an initial scheduling conference and set a discovery schedule. (ECF No. 18). Plaintiff subsequently moved to amend the Complaint to assert a cause of action for discrimination on the basis of race under the NJLAD, add new factual allegations to his federal constitutional claim, join three new defendants, and join a new plaintiff and assert claims on his behalf. (ECF No. 24). That motion was granted in part and denied in part by Magistrate Judge James Clark on April 24, 2015. (ECF No. 32).

Judge Clark granted leave for plaintiff to include additional factual allegations to support his federal constitutional claim, which portion of the motion to amend had not been opposed by defendants. The motion was denied, however, as to all other proposed amendments based on Judge Clark's finding that plaintiff failed to: provide sufficient facts to link the proposed additional plaintiff's cause of action to Mr. Fortney's, support a cause of action against the three proposed defendants, or state a claim for racial discrimination under the NJLAD. (*See id.* at 5-10). Plaintiff filed his Amended Complaint in accordance with Judge Clark's rulings. (ECF No. 33).

The undersigned assumed case management duties of this action in May 2015. The Court since then has had to resolve several discovery disputes. (*See* ECF Nos. 66, 68). Given the volume of discovery, including numerous depositions, the parties jointly have requested and been granted several extensions of the deadline for fact discovery. (*See* ECF Nos. 45, 48, 51, 53). Currently pending is plaintiff's request further to extend fact discovery to serve supplemental discovery demands, which request defendants have not opposed. (*See infra* footnote 3; ECF Nos. 63, 70). Expert discovery has not yet begun.

By letter dated February 8, 2016, plaintiff's counsel sought leave to move to amend the Complaint in order to add a claim for racial discrimination under the LAD and to remove his only

3

federal cause of action in order to return to the Superior Court of New Jersey where this action was originally filed. (ECF No. 69). Plaintiff thereafter filed the instant motion seeking to amend the Complaint to dismiss the federal cause of action and remand to state court (without waiving the right to seek to amend his pleading after remand to include a claim for racial discrimination under the LAD).

Defendants oppose this motion in all respects. While they do not seem vehemently to oppose plaintiff's dismissal of his federal claim *per se*, they oppose the dismissal of that claim on the grounds that it will enable plaintiff to seek a remand to Superior Court for lack of subject matter jurisdiction. They assert such a remand would be prejudicial in terms of the resources they have expended in litigating the action in federal court and contend that plaintiff is manipulating the choice of forum.

## DISCUSSION

The Court will first consider plaintiff's motion to amend the Complaint, which is essentially a motion voluntarily to dismiss his federal claim under 42 U.S.C. § 1983. The Court will then address the motion to remand.

### I. MOTION TO AMEND

Defendants are in the unusual posture of opposing an amendment by plaintiff that would dismiss voluntarily one of the claims asserted against them in this action. They argue that the proposed amendment should be denied under Federal Rule of Civil Procedure 16 as being untimely sought under the case management order in this action. They further argue that even if the Court finds good cause under Rule 16 to excuse the tardiness of the motion, the motion nevertheless should be denied as prejudicial under Federal Rule of Civil Procedure 15.

4

The primary principle to be considered on this motion is the well-known standard prescribed by Federal Rule of Civil Procedure 15 to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is liberally granted in light of "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be given in the absence of substantial or undue prejudice, bad faith or dilatory motives, undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993); *see also Foman*, 371 U.S. at 182.

Federal Rule of Civil Procedure 16 adds to the amendment determination a procedural prerequisite to consideration of the Rule 15 factors. It provides that a party seeking to amend a pleading after expiration of the deadline set by the Court's scheduling order for moving to amend pleadings must make a threshold showing of good cause for the party's tardiness in moving after the deadline. Fed. R. Civ. P. 16(b)(4); *Smith v. Honeywell Int'l, Inc.*, Civ. A. No. 10-3345 (JAD), 2014 WL 301031, at *4 (D.N.J. Jan. 27, 2014). This standard requires the moving party to show due diligence. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).

Plaintiff has demonstrated sufficient good cause for modifying the scheduling order in this case to allow plaintiff to amend his Complaint. Plaintiff explains that discovery has not borne out the viability of the federal claim and he therefore seeks to streamline the case and return to state court. This is not contrary to the ordinary progression of any litigation. Claims that are not viable after discovery are winnowed out during the course of any litigation by dispositive motion practice before trial. Therefore, if this claim lacks evidentiary support as plaintiff concedes, defendants presumably would move for summary judgment for its dismissal at the close of discovery.

Accordingly, the amendment does little more than obviate motion practice by defendants. Under these circumstances, there is good cause. The deadline set for seeking to amend pleadings was well before the extended deadline for completion of fact discovery, and only the progression of that discovery caused plaintiff to believe the claim lacked sufficient merit to continue to be asserted.

Defendants argue plaintiff has shown a lack of diligence, and therefore a lack of good cause, to modify the scheduling order because he only sought to withdraw his federal claim after a year and a half of litigation. (*See* ECF No. 73 at 9). But plaintiff avers, and defendants do not appear to dispute, that the several extensions of the fact discovery deadline and delay in filing the instant motion to amend were in part the result of delays in defendants' production of document discovery. (*See* ECF No. 71-2). As such the Court does not view plaintiff's delay as due to a lack of diligence on his part.

Defendants also allege that they are prejudiced by a late amendment after having expended resources defending the claim. But the type of prejudice cognizable under Rule 15 is that which impairs the non-movant's party's ability to present its case. *Dente v. Saxon Mortgage*, No. CIV. 11-6933 AET, 2012 WL 1664127, at *2 (D.N.J. May 11, 2012); *see also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the V.I., Inc.*, 663 F.2d 419, 426 (3d Cir.1981).[2] Allowing plaintiff to withdraw his only federal claim does not hinder defendants' ability to defend against the remaining state law claims, which have been in the case since its inception. As stated above, allowing

---

[2] The Court also notes that the Third Circuit has permitted a plaintiff to amend the Complaint in far later stages of litigation than here. *See, e.g., Adams v. Gould Inc.*, 739 F.2d 858 (3d Cir. 1984) (finding that the district court erred in not granting plaintiffs leave to amend their Complaint at summary judgment where no undue delay, bad faith, or prejudice was shown).

plaintiff to withdraw this claim would be no different than if defendants prevailed in having the claim dismissed on summary judgment. In fact, there is less prejudice with regard to expenditure of the parties' and the Court's resources in plaintiff's voluntarily dismissing the claim now, before a potential adjudication on summary judgment.

The Court believes that this lack of prejudice alone compels granting plaintiff leave to amend his Complaint. "[W]here no prejudice to Defendants has been demonstrated, the Court should exercise its discretion to grant the motion to amend the complaint." *Crawford v. New Jersey*, No. CIV. 12-1723 JBS-AMD, 2012 WL 2020227, at *2 (D.N.J. June 4, 2012); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993) ("We have interpreted [the Rule 15] factors to mean that prejudice to the non-moving party is the touchstone for the denial of an amendment." (internal quotation marks omitted)).

The Court further finds that the remaining Rule 15 factors compel granting plaintiff's motion. This unique situation of moving to amend in order to dismiss a claim does not raise any issue of futility. Moreover, any delay does not appear "undue" given the foregoing reasons provided by plaintiff for such delay. The Court has no reason to believe, nor do defendants argue, that plaintiff seeks to discontinue prosecution of his federal claim in bad faith. *See Diallo v. Alo Enterprises Corp.*, No. CIV.A. 12-3762 AET, 2013 WL 3772827, at *4 (D.N.J. July 17, 2013) ("In order to show bad faith, a party must point to some extrinsic evidence of same."); *see also Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) ("Although, under a theory analogous to laches, delay can itself be evidence of bad faith justifying denial of leave to amend…there is nothing in the facts before us which indicates that this is such a case."). Accordingly, plaintiff's motion for leave to amend his Complaint is **GRANTED**.

## II. MOTION TO REMAND

Having granted plaintiff's motion to amend his Complaint to omit from the amended pleading his sole federal claim, this Court next considers whether it should retain supplemental jurisdiction over his remaining state law claims under 28 U.S.C. § 1367. As an initial matter, the Court notes that defendants' opposition to the instant motion focuses entirely on whether plaintiff should be granted leave to amend his Complaint. Defendants do not offer any analysis or argument in opposition to remand. This Court will nonetheless analyze whether remand is appropriate in this context under relevant jurisprudence.

Pursuant to 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Supreme Court of the United States has instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Kalick v. United States*, 35 F. Supp. 3d 639, 649 (D.N.J. 2014) ("Absent extraordinary circumstances, jurisdiction [over plaintiff's state law claims] should be declined where the federal claims are no longer viable." (alteration in original) (internal quotation marks omitted)), *aff'd*, 604 F. App'x 108 (3d Cir. 2015), *cert. denied*, 136 S. Ct. 141 (2015). In fact, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Shaffer v. Bd. of Sch. Directors of Albert Gallatin Area*

*Sch. Dist.*, 730 F.2d 910, 913 (3d Cir. 1984) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

It is clear to the Court that judicial economy, convenience, fairness, and comity favor remanding this case. This action is still in the fact discovery stage.[3] Expert discovery has not yet commenced. Given this mid-discovery stage of the action, it has not passed the point where remand would be improper. Indeed, the Third Circuit has found it proper to decline exercising supplemental jurisdiction in far later stages of litigation. *See, e.g., Yue Yu v. McGrath*, 597 F. App'x 62, 68 (3d Cir. 2014) (finding no error where District Court declined to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment on all federal claims); *Burnsworth v. PC Lab.*, 364 F. App'x 772, 776 (3d Cir. 2010) (same); *Bruton v. Paesani*, 162 F. App'x 151, 154 (3d Cir. 2006) (same). The Court also views that the allegations of this case – that a state university allegedly violated the state law rights of a former employee and New Jersey citizen – as quintessentially appropriate for state court adjudication.

The Court is similarly unpersuaded that the "substantial resources" defendants argue have been expended in litigating in this Court constitute grounds for retaining the case in this Court. The Third Circuit has instructed that time invested in litigating state law claims in federal court is not sufficient justification for the court's continued exercise of jurisdiction. *See Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976). In any event, the parties will not lose the benefit of the discovery that has been taken while the action has been pending here, as sworn

---

[3] Although the deadline for fact discovery technically has passed, plaintiff has requested an extension of the deadline in order to serve a revised demand for Internal Affairs files. He also seeks to serve supplemental discovery demands on defendants pending the outcome of the instant motion. This request to extend the deadline remains pending before the Court. (*See* ECF No. 70). Defendants do not appear to dispute that discovery has not been completed.

deposition testimony and discovery responses adduced to date in discovery may be relied upon equally in the state court action. Upon remand, defendants also may seek from the Superior Court an abbreviated schedule that takes into account the discovery already completed in this action.

This same logic applies to plaintiff's apparent intention to seek to amend his Complaint to add a race discrimination claim after remand to state court. Contrary to defendants' assertion that remanding this action will afford plaintiff a "second bite at the apple," the Court is confident that the Superior Court will consider the history of this litigation in determining whether to permit the proposed amendment. Defendants may inform the state court of this Court's prior denial of plaintiff's motion to amend as the court analyzes whether plaintiff's renewed motion provides appropriate grounds for granting leave to amend under the similar amendment standard applied in the Superior Court under R. 4:9-1. Accordingly, it is respectfully recommended that plaintiff's motion to remand this action be **GRANTED**.

## CONCLUSION

For the foregoing reasons, and good cause shown, plaintiff's motion to amend his Complaint (ECF No. 71) is **GRANTED**, and an appropriate Order will be entered. It is further **RECOMMENDED** that plaintiff's motion to remand this action to the Superior Court of New Jersey (ECF No. 71) be **GRANTED.**

Dated: June 20, 2016

*Leda Dunn Wettre*
Leda Dunn Wettre
United States Magistrate Judge

Original:   Clerk of the Court
    cc:    Hon. Madeline Cox Arleo, U.S.D.J.
           All Parties